UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BARBARA L. RUGAR and DAVID RUGAR,                    CASE NO. 7:20-CV-000868

                      Plaintiffs,                SO - ORDERED
                                                  STIPULATION OF
        -against-                         PROTECTIVE ORDER
                                                  AND CONFIDENTIALITY
KRAFT HEINZ FOODS COMPANY.,                          AGREEMENT

                      Defendant.
-------------------------------------------------------------------X

IT IS HEREBY STIPULATED by and between the parties to BARBARA L. RUGAR AND DAVID RUGAR V. KRAFT HEINZ FOODS COMPANY., (hereinafter "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be trade secrets, proprietary, confidential or competitively sensitive business, commercial, or financial agreement subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.     In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a.     "Proceeding" means the above-entitled proceeding in the United States District Court, Southern District of New York, Case No. 7:20-cv-000868.

    b.     "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c.     "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

4831-2321-2732.1 4822-4597-2283.3

  d. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

  e. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

  h. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  i. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

  j. "Information" means the content of Documents or Testimony.

  k. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

  2. The Designating Party shall have the right to designate as "Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would, if Disclosed to another Party or non-Party, create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

  3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client

privilege, the attorney work product doctrine, trade secrets, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The case name and number are not to be part of a "Confidential" designation. A "Confidential" designation shall not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" as instructed by the Designating Party.

    iii. The right of a party to designate all or specific portions of a deposition transcript as "Confidential" shall not delay the delivery by the reporter of the completed deposition transcript in its entirety to the party who has noticed or taken such deposition.

    iv. Any additional cost regarding the reproduction, marking or separate binding of sections of a deposition transcript as "Confidential" and providing the same to counsel for all other parties shall be borne by the designating party.

  c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the

"Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such Document, Testimony or Information together with all copies of same to counsel for the producing Party and shall retain only the copy designated as "Confidential." Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. the named Parties; including (1) Attorneys of record or any member of the staff of that attorney's office involved in the handling of this action that reasonably needs access to such information for performance of tasks related to this action; (2) Outside counsel retained by any of the undersigned parties and their counsel in connection with this action, and their paralegal, clerical and secretarial staff employed by such counsel; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms

Case 7:20-cv-00868-VB   Document 16   Filed 05/13/20   Page 6 of 15

of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms; (3) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      c.      Claims adjuster(s), supervisor(s) and other support staff for the insurance carriers for the defendant that may be providing a defense and/or indemnity of defendants in this action with the exception of any materials that are deemed "Confidential", the disclosure of which is prohibited until a determination is made at the appropriate time that any such materials may be disclosed to claims adjuster(s), supervisor(s) and other support staff for the insurance carriers. Any materials designated under the terms of this Order deemed Confidential, subject to this order, can only be shared by personnel within the insurance companies on a need-to-know basis, and the companies shall prohibit access and sharing rights to individuals that are not involved in the handling of the claims that are the subject of this litigation, and the public disclosure of Confidential materials is strictly prohibited.

      d.      those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense or settlement of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such

person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  f. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  g. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  h. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  i. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the

Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

j. any other person or entity that the Designating Party agrees to in writing.

7. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending or settling the Proceeding only, and not for any business or other purpose whatsoever. Such materials and information derived therefrom may not be made public or filed publicly without the written authorization of the Designating Party or an order of the Court.

8. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

9. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

10. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as

"Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

11. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena or prior to provision of adequate notice to the Designating Party.

12. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

13.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

14.     Where any Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, the Parties and any involved non-party shall follow those rules. With respect to discovery motions or other proceedings not governed by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York, the following shall apply: If Confidential Materials, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be ~~separately~~ electronically filed under seal ~~with the clerk of the Court in an envelope marked: "CONFIDENTIAL — FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."~~ in accordance with Paragraph 3 of Judge Briccetti's Individual Practices.

15.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

16.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the

Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

17. Upon written request made within thirty (30) days after the settlement or other final termination of the Proceeding, the undersigned Parties shall have thirty (30) days from receipt of such written request by them to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

18. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel for all Parties agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced in good faith before the execution of the Stipulation and before the Court signs this Stipulation and Protective Order.

19. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the

Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

20. This Stipulation and Protective Order may be executed in counterparts.

LEWIS BRISBOIS BISGAARD & SMITH LLP                STEVEN M. MELLEY, P.L.L.C.

By: _____                      By: _____
    Karen L. Campbell                                   Steven M. Melley  *att for Plaintiff*

Dated: __5/13__, 2020                               Dated: __5/12__, 2020

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this STIPULATION AND PROTECTIVE ORDER.

**IT IS SO ORDERED.**

Dated: May 13, 2020

_____
~~HONORABLE~~
Judge Vincent L. Briccetti
United States District Court
Southern District of New York

EXHIBIT A

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding of BARBARA L. RUGAR AND DAVID RUGAR v. KRAFT HEINZ FOODS COMPANY, in the United States District Court, Southern District of New York, Case No.: 7:20-cv-000868. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of _____ that the foregoing is true and correct. Executed this _____ day of _____, 2020, at _____.

BY: _____
    Signature

    _____
    Title

    _____
    Address

    _____
    City, State, Zip

|                  |
| ---------------- |
| Telephone Number |