UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA L. RUGAR and DAVID RUGAR,<br><br>        Plaintiffs,<br><br>  -against-<br><br>KRAFT HEINZ FOODS COMPANY,<br><br>        Defendant. | Case No. 7:20-cv-000868 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KRAFT HEINZ FOODS
COMPANY'S MOTION TO PRECLUDE PLAINTIFFS'
EXPERT DR. TENNER'S TESTIMONY PURSUANT TO
FEDERAL RULE OF EVIDENCE 702 AND FOR SUMMARY JUDGMENT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56</u>**

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Karen L. Campbell, Esq., SB# 2184018
Corey L. Shulman, Esq., SB# 5295589
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Karen.Campbell@lewisbrisbois.com
Corey.Shulman@lewisbrisbois.com
*Attorneys for Defendant*
*Kraft Heinz Foods Company*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...............................................................................................ii, iii, iv

PRELIMINARY STATEMENT ........................................................................................1

STANDARD OF REVIEW FOR PRECLUSION OF EXPERT TESTIMONY ...........................1

STANDARD OF REVIEW FOR SUMMARY JUDGMENT ......................................................2

ARGUMENT...........................................................................................................................3

I.      THE COURT SHOULD EXCLUDE THE PROFFERED EXPERT OPINIONS
        OF DR. SCOTT TENNER ........................................................................................3

        A.      The Opinions in Dr. Tenner's Expert Report are Unreliable Because They
                are Not Based on Sufficient Facts or Data and Do Not Appy Reliable
                Principles or Methods to the Facts of this Case........................................................3

        B.      Dr. Tenner's Opinions are Irrelevant to Material Issues of this Case......................5

II.     DR. TENNER DOES NOT RAISE A TRIABLE ISSUE OF FACT AS TO THE
        LACK OF CAUSATION ..........................................................................................7

CONCLUSION......................................................................................................................10

i

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*,
503 Fed. Appx. 51 (2d Cir. Nov. 20, 2012) ....................................................................7, 8, 9

*Adebiyi v. Yankee Fiber Control, Inc.*,
705 F.Supp. 2d 287 (S.D.N.Y. 2010) ....................................................................................6

*In re Air Disaster at Lockerbie Scot.*,
37 F.3d 804 (2d Cir. 1994) ....................................................................................................6

*Algarin v. New York City Dep't of Correction*,
460 F. Supp. 2d 469 (S.D.N.Y. 2006) ...................................................................................4

*Amica Mut. Ins. Co. v. WHAC LLC*,
447 F. Supp. 3d 6 (W.D.N.Y. 2020) ......................................................................................6

*Amorgianos v. Amtrak*,
303 F.3d 256 (2d Cir. 2002) ..................................................................................................2

*Anderson v. Liberty Lobby*,
477 U.S. 242 (1986) ...............................................................................................................2

*Arlio v. Lively*,
474 F.3d 46 (2d Cir. 2007) ....................................................................................................6

*Bickerstaff v. Vassar College*,
196 F.3d 435 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000) .........................................9

*Bickham v. Coca Cola Refreshments USA, Inc.*,
2015 U.S. Dist. LEXIS 156066 (S.D.N.Y Nov. 18, 2015) ....................................................4

*Boucher v. U.S. Suzuki Motor Corp.*,
73 F.3d 18 (2d Cir. 1996) ......................................................................................................2

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...............................................................................................................2

*Danley v. Bayer (In re Mirena IUD Prods. Liab. Litig.)*,
169 F. Supp. 3d 396 (S.D.N.Y. 2016) ...................................................................................8

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ...............................................................................................................5

*Gambardella v. Tricam Indus.*,
   2020 U.S. Dist. LEXIS 169543 (S.D.N.Y. Sept. 15, 2020)........................................................4

*Holt v. KMI-Continental*,
   95 F.3d 123 (2d Cir. 1996)........................................................................................................2

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999).............................................................................................................5, 9

*Macaluso v. Herman Miller, Inc.*,
   2005 U.S. Dist. LEXIS 3717 (S.D.N.Y. Mar. 9, 2005) .............................................................7

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
   542 F.3d 290 (2d Cir. 2008)......................................................................................................9

*Puppolo v. Welch*,
   771 Fed. Appx. 64 (2d Cir. June 20, 2019)...............................................................................5

*Razzano v. Remsenburg-Speonk*,
   2022 U.S. App. LEXIS 14644 (2d Cir. May 27, 2022) ..............................................................3

*In re Rezulin*,
   369 F. Supp. 2d 398 (S.D.N.Y. 2005).......................................................................................9

*Russo v. Keough's Turn of the River Hardware, LLC*,
   2012 U.S. Dist. LEXIS 144070 (S.D.N.Y Sept. 25, 2012).........................................................4

*Salahuddin v. Goord*,
   467 F.3d 263 (2d Cir. 2006)......................................................................................................2

*Shannon v. New York City Transit Auth.*,
   332 F.3d 95 (2d Cir. 2003)........................................................................................................3

*Steidl v. Harley-Davidson Motor Co.*,
   1998 U.S. App. LEXIS 1227 (2d Cir. Jan. 27, 1998) ................................................................5

*Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*,
   2022 U.S. Dist. LEXIS 211834 (S.D.N.Y. Nov. 22, 2022).........................................................4

*Woodman v. WWOR-TV, Inc.*,
   411 F.3d 69 (2d Cir. 2005)........................................................................................................3

**State Cases**

*Kaisman v. Hernandez*,
   878 N.Y.S. 2d 305 (App. Div. 2009).....................................................................................7, 8

**Court Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................2

Fed. R. of Civ. P. 56.........................................................................................................2, 10

Fed. R. of Evid. 702 ..................................................................................1, 2, 3, 5, 10

## PRELIMINARY STATEMENT

In all cases, plaintiffs bear the burden of proof and must provide the requisite evidence to support all claims. In this case, the only facts Plaintiffs Barbara Rugar and David Rugar ("Plaintiffs") can substantiate is that Mrs. Rugar suffered a traumatic injury due to a foreign object in March 2018. Plaintiffs have failed to provide evidence on any other aspect of this case. Indeed, there is no reliable factual or expert proof that the foreign object that caused Mrs. Rugar's injuries could have been ingested on March 1, 2018. There is no evidence that any Kraft Heinz product caused Mrs. Rugar's injuries. At bottom, Plaintiffs have failed to meet their burden of proof, and Kraft Heinz respectfully requests the Court preclude Plaintiffs' expert gastroenterologist Dr. Tenner from testifying at trial and grant summary judgment for Defendant.

## STANDARD OF REVIEW FOR PRECLUSION OF EXPERT TESTIMONY

Federal Rule of Evidence 702 ("Testimony by Expert Witnesses") provides:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:

> (a)   the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

When addressing the admissibility of proffered expert testimony, the Court should consider Rule 702's indicia of reliability to "make certain that an expert, whether basing the testimony upon professional studies or personal experience, employs in the courtroom the same

level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Amorgianos v. Amtrak*, 303 F.3d 256, 266 (2d Cir. 2002). When an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, the law mandates the exclusion of that unreliable opinion testimony. *Id*. Stated differently, the Court must exclude expert testimony where it is "speculative or conjectural, or if it is based on assumptions that are…in essence an apples and oranges comparison." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996); *see also id.* at 22 ("Admission of expert testimony based on speculative assumptions is an abuse of discretion.").

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Holt v. KMI-Continental*, 95 F.3d 123, 128-29 (2d Cir. 1996) ("A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material act and that the moving party is entitled to judgment as a matter of law") (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986)). The movant may show prima facie entitlement to summary judgment by either (1) pointing to evidence that negates its opponent's claims; or (2) identifying those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The latter basis for prima facie entitlement to summary judgment requires "identifying evidentiary insufficiency." *Id*. Further, "conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Razzano v. Remsenburg-Speonk*, 2022 U.S. App. LEXIS 14644 *at* *3 (2d Cir. May 27, 2022), citing *Shannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

**ARGUMENT**

**I.    THE COURT SHOULD EXCLUDE THE PROFFERED EXPERT OPINIONS OF DR. SCOTT TENNER**

Plaintiffs retained gastroenterologist Dr. Scott Tenner as an expert to establish (1) Mrs. Rugar ingested a foreign object while eating a Smart Ones[1] meal on March 1, 2018; and (2) Mrs. Rugar's ingestion of the foreign object on March 1, 2018 proximately caused her sigmoid colon perforation diagnosed on March 2, 2018. But Dr. Tenner's report and testimony rely on "common sense" and provide no reasonable principles or methods for its conclusions. Neither his report nor his testimony rely on medical data or journals, and instead offers threadbare conclusions and speculation. The Court should preclude his testimony pursuant to Federal Rule of Evidence 702.

**A.    The Opinions in Dr. Tenner's Expert Report are Unreliable Because They are Not Based on Sufficient Facts or Data and Do Not Appy Reliable Principles or Methods to the Facts of this Case**

Dr. Tenner's report is based on speculation and is unsupported by scientific or medical data. He first opines that Mrs. Rugar "more likely than not" consumed the sharp wooden object that perforated her sigmoid colon from her Smart Ones meal on March 1, 2018 Ex. H at p. 1. Based on "common sense," he further opines that "most people can figure out that they had consumed a meal that did not agree with them." *Id*. Relying on Mrs. Rugar's complaints of abdominal pain "shortly after" consuming the Smart Ones meal, Dr. Tenner concludes Mrs. Rugar "consumed something that did not agree with her." *Id*. at pp. 1-2. Addressing transit time of food and objects from the mouth to the anus, Dr. Tenner opines a "sharp piece of wood is the ultimate fiber," which cannot be digested and can "travel fast" through the digestive tract. Ex.

---

[1] "Smart Ones" are a line of Weight Watchers frozen meals, manufactured by Defendant. Thus, references to Plaintiff Barbara Rugar's meal as a "Smart Ones" or "Weight Watchers" meal are identical and may be used interchangeably.

"H" at p. 2. He also opines a sharp foreign object will irritate the stomach and bowel as it "pokes while passing" through the digestive tract, "profoundly" increasing motility and transit time. *Id*.

It is true a fact finder may draw on the full range of his reason, experience and common sense. *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 84 (2d Cir. 2005). But there is a crucial distinction between the ability of the fact finder to *reach* a conclusion and the means of which an expert witness can present evidence to *support* that conclusion. Unlike the fact finder's ability to use experience and common sense, expert testimony should be excluded when based on nothing more than experience and common sense. *Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*, 2022 U.S. Dist. LEXIS 211834 at *38 (S.D.N.Y. Nov. 22, 2022); *see also Algarin v. New York City Dep't of Correction*, 460 F. Supp. 2d 469, 477 (S.D.N.Y. 2006) (excluding a report based on the expert's personal experience and common sense because the report was not based on reliable principles and methods).

This Court has routinely precluded expert reports based on speculative opinions and conclusions. For example, in *Russo v. Keough's Turn of the River Hardware, LLC*, 2012 U.S. Dist. LEXIS 144070 (S.D.N.Y Sept. 25, 2012) (a case involving the sale of an allegedly defective ladder), plaintiff's expert provided no basis for his opinion that the ladder lacked structural uniformity and proximately caused plaintiff's injuries. This Court deemed the expert's opinions "speculative at best," precluded the expert's report, and granted defendant summary judgment. *Id*.; *see also Bickham v. Coca Cola Refreshments USA, Inc.*, 2015 U.S. Dist. LEXIS 156066 at *9 (S.D.N.Y Nov. 18, 2015) (Court precluded plaintiff's expert report as expert lacked personal knowledge of defendant's manufacturing process and thus opinions of negligence were speculative). This Court has also precluded expert reports when the expert provides no detail as to principles or methods used to support the report's conclusions. *See Gambardella v. Tricam*

*Indus.*, 2020 U.S. Dist. LEXIS 169543 at \*17 (S.D.N.Y. Sept. 15, 2020). As Dr. Tenner's report improperly relies on "common sense" to support his opinions and conclusions without any reference to accepted scientific or medical data, the Court should preclude his report in its entirety.

Neither Dr. Tenner's report nor his deposition testimony are based on scientifically valid evidence or properly applied to the facts in issue in this matter. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-593 (1993) ("The reliability of a proposed expert's testimony entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue."). Specifically, he provides no medical analysis or literature to support his opinions. Without medical evidence to support his opinions, and instead by relying on common sense and experience, Dr. Tenner's ultimately conclusion that Defendant's negligence proximately caused Mrs. Rugar's sigmoid colon perforation is inadmissible. His conclusions are inadmissible, as they are set forth with an assertion of authority but unsupported by proof. *See*, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") (internal quotations and citations omitted); *Puppolo v. Welch*, 771 Fed. Appx. 64, 65 (2d Cir. June 20, 2019).

**B.     Dr. Tenner's Opinions are Irrelevant to Material Issues of this Case.**

An expert's testimony may be rejected pursuant to Federal Rule of Evidence 702 where it is "irrelevant, confusing…lack[s] any opinion [and]…[is] not helpful in establishing the defendant's liability. *Steidl v. Harley-Davidson Motor Co.*, 1998 U.S. App. LEXIS 1227 at \*4 (2d Cir. Jan. 27, 1998); *see also In re Air Disaster at Lockerbie Scot.*, 37 F.3d 804, 824 (2d Cir.

1994) (trial court did not abuse discretion in precluding expert testimony when conclusions of cause of accident were speculative.).

As discussed above, Dr. Tenner's opinion as to the time it took for the foreign object to reach and perforate Mrs. Rugar's sigmoid colon is speculative. He offers no explanation as to a rate of digestion of the foreign object, other than "a thin sharp piece of wood can travel fast until finding a pocket or diverticulum to puncture." Ex. "H" at p. 2. More importantly, he offers no analysis as to the time it took the foreign object to perforate Mrs. Rugar's sigmoid colon. Without a medical explanation as to how a foreign object could have been ingested, arrived at the sigmoid colon and perforated the sigmoid within approximately 24 hours, his conclusion is nothing more than an unsupported statement. Since his report does not explain in scientific or medical detail the process of travel time and perforation of the sigmoid colon by a foreign object, his testimony cannot establish the foreign object perforated Mrs. Rugar's sigmoid colon within 24 hours of ingestion and thus is irrelevant. *See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) ("If [evidence] does not tend to prove a material fact, it is irrelevant.") (internal citations omitted).

As Dr. Tenner is Plaintiffs' sole expert to opine on proximate cause, preclusion of his testimony prohibits Plaintiffs from proving proximate cause. Without proving proximate cause, Plaintiffs cannot satisfy their burden on proof on any of their causes of action. *See Amica Mut. Ins. Co. v. WHAC LLC*, 447 F. Supp. 3d 6, 10 (W.D.N.Y. 2020) (causal connection between manufacturing defect and injury necessary to establish a negligent manufacturing claim); *Adebiyi v. Yankee Fiber Control, Inc.*, 705 F.Supp. 2d 287, 290 (S.D.N.Y. 2010) (proximate cause is an essential element of a claim for failure to warn); *Macaluso v. Herman Miller, Inc.*, 2005 U.S. Dist. LEXIS 3717 at *13 (S.D.N.Y. Mar. 9, 2005) ("Whether the action is pleaded in strict

products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury…"). If Plaintiffs cannot establish Defendants are liable for a tortious cause of action, Plaintiffs cannot assert a claim for gross negligence/punitive and exemplary damages (*see 2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, 503 Fed. Appx. 51, 55 (2d Cir. Nov. 20, 2012)) (gross negligence requires the elements of ordinary negligence plus an additional showing of "reckless disregard for the rights of others or smacks of intentional wrongdoing")(internal quotations omitted) or loss of spousal services, society and consortium (*see Kaisman v. Hernandez*, 878 N.Y.S. 2d 305 (App. Div. 2009)) (dismissal of all substantive claims requires dismissal of derivative spousal claims).

## II.    DR. TENNER DOES NOT RAISE A TRIABLE ISSUE OF FACT AS TO THE LACK OF CAUSATION

Should the Court decline to preclude Dr. Tenner from testifying at trial, summary judgment is still warranted because Dr. Tenner's testimony does not raise a triable issue of fact regarding lack of causation.

The report of Defendant's expert gastroenterologist, Dr. Maxwell Chait, shows a lack of causal connection between Mrs. Rugar's ingestion of the Smart Ones meal on March 1, 2018 and her diagnosis of a perforation of the sigmoid colon on March 2, 2018. First, Dr. Chait explains the anatomy of the human digestive tract as the basis for his opinion as to lack of causation. Ex. "G" at p. 5. He uses his explanation of the digestive tract to opine that the mean gastric transit time is 30-40 hours and based on certain factors, including prior surgeries and diverticulosis, a person's digestive tract can have a gastric transit time of up to 73 hours. *Id*. Dr. Tenner's report has no explanation or analysis of the human digestive tract and offers no opinion as to the mean gastric transit time. During his deposition, Dr. Tenner conceded he did not know the mean transit

time for digestion and speculated without any support that "it must be 24 to 48 hours." Ex. "I" at p. 73, lines 2-5.

Relying on no less than four medical journal articles, Dr. Chait opines the mean time for foreign body perforation is 10.4 days after ingestion of the foreign object. Ex. "G" at p. 5. He explains a foreign object must reach a particular location in the digestive tract (here, the sigmoid colon), become lodged, erode the four layers of intestinal wall, and must remained lodged long enough to cause intrabdominal abscess. *Id*. Dr. Tenner's report does not address these opinions, nor does his expert disclosure contain exhibits, such as medical journal articles, to support any contentions as to causation. While Dr. Chait relies on medical journals and data to opine Mrs. Rugar could not have ingested a foreign object within 24 hours of her perforated sigmoid colon diagnosis, Dr. Tenner has no scientific or medical data to reach any reliable conclusion, let alone a conclusion that contradicts Dr. Chait's expert report. Based on Mrs. Rugar's "description of the pain," and without more, Dr. Tenner opined during his deposition that Mrs. Rugar's sigmoid colon perforation occurred within 12-15 hours of ingesting the foreign object. Ex. "I" at p. 77, lines 7-11. However, he denied the existence of an average time it takes a foreign object to perforate intestinal lining, even though Dr. Chait relied on several medical journals citing an average perforation time of 10.4 days. *Id*. at p. 78, lies 11-13. Neither was Dr. Tenner aware of nor did he rely upon medical articles or studies to support his position that gastrointestinal tract irritation can "profoundly increase motility in transit time":

> Q:      So how does gastrointestinal irritation profoundly increase motility in transit time?
>
> A:      You mean from a basic science standpoint? That's a good question. I – I must admit, I – I don't know. I'd have to go back and read the basic science behind it." *Id*. at p. 79, line 21-p. 80, line 2.

Dr. Tenner's failure to address medical journal articles that refute his theory of causation is sufficient to preclude his testimony at trial. *See Danley v. Bayer (In re Mirena IUD Prods. Liab. Litig.)*, 169 F. Supp. 3d 396, 449 (S.D.N.Y. 2016) ("If the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does not acknowledge or account for that evidence, the expert's opinion is unreliable."); *see also In re Rezulin*, 369 F. Supp. 2d 398, 426 (S.D.N.Y. 2005), quoting *Kumho*, 526 U.S. at 152 ("An expert who discusses only the evidence that [he] believed would advance the plaintiffs' position does not exhibit the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.").

Dr. Tenner's report contradicts Dr. Chait only in the unsupported conclusion that "Mrs. Rugar more likely than not consumed the sharp wooden object from Smart Ones Fettucine Alfredo package meal on March 1, 2018." Ex. "H" at p. 4. His report does not deal with the anatomy of the digestive tract or explain how a foreign object can perforate a sigmoid colon within 24 hours of ingestion. Even with the benefit of preparing his expert report after Defendant served Plaintiffs with Dr. Chait's expert report, Dr. Tenner failed to deal with Dr. Chait's opinions or the bases of his opinions. He testified he did not intend to rely upon any publications to support the opinions in his report. Ex. "I" at p. 48, line 24 - p. 49, line 6. He also testified he did not reference Dr. Chait's report in his expert report and could not recall if he objected to anything in Dr. Chait's report. *Id.* at p. 67, lines 15-17 & p. 108, lines 3-16. Dr. Tenner's report is conclusory and does not rebut Dr. Chait's opinion as to a lack of causation. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory."); *see also Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions,

are insufficient to defeat a properly supported motion for summary judgment."), *cert. denied*, 530 U.S. 1242 (2000).

## CONCLUSION

For the foregoing reasons, Defendant's motion to preclude the testimony of Plaintiffs' expert Dr. Scott Tenner pursuant to Federal Rule of Evidence 702 and for summary judgment pursuant to Federal Rule of Civil Procedure 56 should be granted in its entirety and Plaintiffs' Complaint should be dismissed with prejudice.

Dated: New York, New York
      January 5, 2023

                              Respectfully submitted,

                              LEWIS BRISBOIS BISGAARD & SMITH
                              LLP

                              *Corey Shulman*
                              _____
                              Karen L. Campbell, Esq., SB# 2184018
                              Corey L. Shulman, Esq., SB# 5295589
                              77 Water Street, Suite 2100
                              New York, New York 10005
                              Telephone: 212.232.1300
                              Karen.Campbell@lewisbrisbois.com
                              Corey.Shulman@lewisbrisbois.com
                              *Attorneys for Defendant*
                              *Kraft Heinz Foods Company*